UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. CEPHAS,

    Plaintiff,

    v.

MVM, INC.,

    Defendant.

Civil Action No.  05-33(CKK)

**MEMORANDUM OPINION**
(September 30, 2005)

Plaintiff James W. Cephas brings suit against his current employer, MVM, Inc. ("MVM or "Defendant")[1] alleging a violation of the collective bargaining agreement governing Mr. Cephas's employment.  Before the Court is MVM's motion to dismiss for failure to state a claim upon which relief may be granted, or in the alternative a motion for summary judgment.  Upon consideration of the motion, opposition, reply, and the applicable law,[2] the Court shall grant MVM's Motion to Dismiss.

**I: BACKGROUND**

On December 1, 2004, Mr. Cephas filed a Complaint in Superior Court of the District of Columbia against both MVM and Robert L. Chaney.  Defendant's Notice of Removal ("Notice") ¶ 1.  Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant MVM filed a Notice of Removal on January 10, 2005, to remove the case from the Superior Court to this Court.  As Mr. Chaney had

---

[1] Plaintiff's Complaint also makes an allegation of defamation against Robert L. Chaney of the United States Attorney's Office.  Compl. ¶¶ 14–23 (Count II).  This Motion to Dismiss is solely for Count I of the Complaint which alleges breach of the collective bargaining agreement by MVM.  Compl. at 4, ¶ A.

[2] In reaching its conclusions, the Court has considered the following pleadings: Defendant's Notice of Removal; Plaintiff's Complaint (which appears in the record as Exhibit 1 to Defendant's Notice of Removal); Defendant Motion to Dismiss or, in the alternative, for Summary Judgment; Plaintiff's Opposition to Defendant Motion; and Defendant Reply.

not at the time of filing the Notice been served with the Complaint, Defendant Chaney neither joined in the removal nor objected to it.  Notice ¶ 7.  It should be noted that as of September 30, 2005 Mr. Chaney has not been served with the Complaint.  Upon removal MVM, promptly moved for dismissal based on Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment.

Since this is a motion to dismiss based on the sufficiency of the Complaint, the facts must be construed in the light most favorable to Mr. Cephas.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  Therefore, the facts stated herein are those from the Complaint and which the parties do not dispute.

Mr. Cephas has been an employee with MVM since November 9, 1998, working as a court security officer ("CSO").  Compl. ¶ 6.  Since being hired, Mr. Cephas has been a member of United Government Security Officers of America Local 80 and has been covered by both a Collective Bargaining Agreement ("CBA") and an employment contract.  *Id.*  Mr. Cephas was assigned to work full-time as a CSO at the United States Attorney's Office, 555 4th Street, NW, Washington, D.C. in December, 1999.  *Id.*  On March 11, 2003, MVM transferred Mr. Cephas to the National Court Building, 717 Madison Street, NW, Washington, D.C. in response to a recommendation made by Mr. Chaney[3] that Mr. Cephas be transferred out of the U.S. Attorney's Office.  This recommendation was based on an allegation that Mr. Cephas had failed to respond to a radio call on February 25, 2003.  Compl. ¶¶ 7, 8.

When Mr. Cephas was transferred to the National Court Building, he was given only a part-time position, as opposed to the full-time position he had held at the U.S. Attorney's Office.

---

[3]  Mr. Chaney is the Anti-Terrorism and District Office Security Manager at the United States Attorney's Office.  Compl. ¶ 7.

Compl. ¶ 9.  Mr. Cephas asked to be restored to full-time status through the negotiated grievance

procedures.  The Union filed a grievance on March 8, 2003, which was denied sometime prior to

March 28, 2003.  On March 28, 2003 the Union notified MVM of its intentions to demand

arbitration.  Defendant MVM, Inc.'s Statement of Undisputed Material Fact ("Def. Facts") ¶¶

12–14.  MVM did not reinstate Mr. Cephas to full-time status.  Compl. ¶ 10; Def. Facts. ¶ 13.

Mr. Cephas applied for a full-time position with MVM at the National Court Building and was

hired in September, 2003.  Compl. ¶¶ 8, 10; Def. Facts ¶ 17.

## II: LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted only if the "plaintiff[] can

prove no set of facts in support of [its] claim which would entitle [it] to relief."  *Kowal v. MCI*

*Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Shuler v. United States*, 617 F.2d

605, 608 (D.C. Cir. 1979)).  When considering a motion to dismiss, the Court must resolve all

factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences.  *See*

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Notwithstanding this liberal construction, "the court need not accept inferences drawn by

plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the

court accept legal conclusions cast in the form of factual allegations."  *Kowal*, 16 F.3d  at 1276;

*see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Furthermore, in this case, consideration of

the CBA by this Court does not convert the Motion to Dismiss to a Motion for Summary

Judgment.  This Court finds compelling a legal standard used in this District that "documents

attached as exhibits or incorporated by reference" may be used in determination of a 12(b)(6)

motion to dismiss.  *Brown v. United States*, 271 F. Supp. 2d 225, 228 (D.D.C. 2003).  In *Krooth*

*& Altman v. North American Life Assurance Company*, the court determined it was able to

consider materials outside the pleadings without converting the motion to dismiss to a motion for summary judgment because the materials were "referred to in the complaint, and are central to the plaintiffs' claims." *Krooth & Altman v. N. Amer. Life Assurance Co.*, 134 F. Supp. 2d 96, 99 (2001). Since the CBA is central to Mr. Cephas's Complaint, and because Mr. Cephas references the CBA, the CBA has been incorporated by reference into the Complaint.

### III: DISCUSSION

The primary issue before this Court is whether this is a case in which, as MVM argues, § 301 of the National Labor and Management Act ("NLMA") preempts state law, or whether, as Mr. Cephas argues, the claim against MVM is a breach of contract claim to be decided under the laws of the District of Columbia.

Defendant's primary argument is that Count I of Mr. Cephas's Complaint is a "hybrid § 301/duty of fair representation" claim. Memorandum of Points and Authorities in Support of Defendant MVM, Inc.'s Amended Motion to Dismiss, or in the alternative, for Summary Judgment ("MVM Memo") at 4–5. Section 301 of the NLMA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to amount in controversy or without regard to the citizenship of the parties.

NLMA § 301(a), 29 U.S.C. § 185(a)[4]; Defendant MVM, Inc.'s Reply to Plaintiff's Opposition to its Motion to Dismiss, or in the alternative, for Summary Judgment ("Reply") at 2. MVM argues that § 301 applies here because Mr. Cephas is alleging that MVM violated the CBA. Reply at 2; Compl. at 4, ¶ A. The case law interpreting § 301 suits against employers makes it very clear

---

[4] The term "between" in § 301 is modifying the term "contracts" not the term "suits." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657 n.13 (1965).

that "the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Vaca v. Sipes*, 386 U.S. 171, 184 (1967) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965)).  The exception is when "the union has the sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the unions *wrongful* refusal to process the grievance." *Id.* at 185.  Defendant argues that the § 5.4 of Article 5 of the CBA sets forth the exclusive means by which grievances may be processed when there is an alleged breach of the CBA.  MVM Memo at 4.[5]  When there is both a breach of the CBA and a breach of the duty of fair representation, as MVM here argues, "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).  Namely, Plaintiff must demonstrate that the employer violated the CBA and that the union breached its duty of fair representation.  Defendant therefore argues that because § 301 is governing in this case and because the CBA provides the exclusive means for remedying the breach, then MVM's alleged breach of the CBA must be accompanied by an allegation that the union breached its duty to fairly represent Mr. Cephas, regardless of whether the union is a party to the case.  Without this allegation, Defendant argues that Mr. Cephas failed to plead an element of the claim, and Count I should be dismissed.

The alternative argument contained in Defendant's motion to dismiss is that even if this Court does not dismiss for failure to plead all elements of the claim, it should dismiss because the claim is time-barred.  Def. Motion at 1; Def. Memo at 6–8.  The basis for this argument stems

---

[5] Specifically, Defendant cites to Section 5.3 of Article 5 of the CBA which provides, in part, "[*a*]*ll* grievances shall be presented and processed in accordance with the following procedures . . . ." MVM Memo at 4 (emphasis added).

from the Supreme Court's holding in *DelCostello*, that hybrid § 301/duty of fair representation

claims are subject to the six-month statute of limitations contained in § 10(b) of the National

Labor Relations Act ("NLRA") for making charges of unfair labor practices to the National

Labor Relations Board.  *DelCostello*, 462 U.S. at 169; *see also* NLRA § 10(b), 29 U.S.C. §

160(b) ("[N]o complaint shall issue based on any unfair labor practice occurring more than six

month prior to the filing of the charge with the Board.").  Mr. Cephas did not file the Complaint

in Superior Court until December 1, 2004.  Compl. at 1 (date stamp).  Therefore, under the six-

month statute of limitations Defendant urges this court to apply, the actions in Mr. Cephas's

complaint would have had to occur no earlier than June 1, 2004.  Since the actions complained of

happened in March 2003, Defendant argues that Plaintiff is time-barred from bringing suit

against MVM.

Finally, in its Reply, Defendant argues that even if this Court were to find that the claim

brought by Mr. Cephas is a breach of contract claim, as Mr. Cephas argues in his Opposition, the

six-month statute of limitations applicable to hybrid claims would be applicable here.  Reply at 3.

While not fully argued, it appears that Defendant's argument is predicated on the assumption that

§ 301 would preempt D.C. law.  This preemption argument can be inferred from the cases cited

in Defendant's Reply: *Foy v. Giant Food Incorporated*, 298 F.3d 284 (4th Cir. 2002) and

*Woosley v. Avco Corporation*, 944 F.2d 313 (6th Cir. 1991).  Reply at 3–4.  It is notable that in

*Foy* the court found that § 301 preempted the state claim plaintiff alleged, *Foy*, 944 F.3d at 287,

289, and in *Woosley*, the claim was brought pursuant to § 301.  *Woosley*, 944 F.2d at 314.

Section 301 preempts state law "to ensure uniform interpretation of collective-bargaining

agreement, and this to promote the peaceable, consistent resolution of labor-management

disputes." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 404 (1988).  However, state law is

only preempted when "resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement" because "application of state law . . . might lead to inconsistent results . . . ." *Id.* at 405–06 (stating the principle of § 301 preemptions, as developed in *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95 (1962)). Defendant argues that because Plaintiff claims a breach of the CBA, § 301 necessarily preempts D.C. law.  Reply at 2.

While this Circuit has yet to decide whether the six-month statute of limitations in NLRA § 10(b) applies when there is only a claim of breach of the collective bargaining agreement under NLMA § 301, the Fourth and Sixth Circuits have both addressed it.  In *Foy*, the Fourth Circuit held that when the "gravamen common to all of [plaintiff's] claims" is that defendant breached the collective bargaining agreement, the six-month statute of limitations in NLRA § 10(b) applies.  *Foy*, 298 F.3d at 291.  In *Woosley*, the Sixth Circuit has held similarly in determining that "where the plaintiff['s] claims are brought under the [CBA] and involve the question of entitlement for employment under a collective bargaining agreement," then the six month statute of limitations applies.  *Woosley*, 944 F.2d at 318.  The courts based their holdings in part on the policy considerations enumerated in *DelCostello* for application of the six-month statute of limitations, in particular "the importance of rapid resolution when collective bargaining processes might be disturbed."  *Id.*  Furthermore, this Circuit has held that the NLRA § 10(b) statute of limitations applies when an employer refuses to arbitrate, analogizing it to unfair business practices.  *Commc'n Workers of Amer. v. Amer. Tel. & Tel. Co.*, 10 F.3d 887, 890 (D.C. Cir. 1993).  Defendant urges this Court to adopt the holdings of the Fourth and Sixth Circuits in applying the six-month statute of limitations to this claim, and to extend the holding of *Communication Workers of America* to this case.  Reply at 3, 5.

7

In response Mr. Cephas contends that the CBA *does not* govern the grievance procedures in his case. Opp'n at 6. Rather, Mr. Cephas argues that the CBA does not require him to have exhausted all of the contractual remedies available to him prior to filing suit against MVM, because the transfer in this case was at the direction of United States Marshals Service. Opp'n at 6. Plaintiff states that the CBA specifically excepts discipline by the Marshals Service from the grievance procedure that Defendant claims Mr. Cephas failed to complete. *Id.* To support this, Mr. Cephas cites to Section 5.1 of Article 5 of the CBA, which states "the grievance procedure *shall not be used* for any disciplinary action *directed* by the U.S. Marshall [sic] Service or by judicial personnel . . . . In addition, the grievance procedures outlined herein *shall not apply to any situation* where [MVM] is *acting under the directives* of the U.S. Marshall [sic] Service or any member of the judiciary." Opp'n at 6 (emphasis added). In essence, Mr. Cephas is arguing that his transfer was at the direction of the U.S. Marshals Service. Opp'n at 6. However, the only support for this argument is tenuous: that Mr. Chaney's recommendation for transfer resulted in the U.S. Marshals transferring him. Opp'n at 6.[6] Plaintiff argues that the suit is not based on the CBA, instead it is based on run-of-the mill state law for breach of contract. If Plaintiff's claim is based on D.C. law, then the applicable statute of limitations that applies is a three-year statute of limitations for claims involving breach of contract. Under this statute of limitations, Plaintiff's claim would not be time-barred. Opp'n at 7; D.C. Code § 12-301(7) (providing a three year statute of limitations for breaches of contract cases). More facts would have to be developed in order to determine whether Mr. Cephas's employment as a CSO was subject to the personnel decisions of the U.S. Marshals Service, whether the U.S. Marshals

---

[6] Defendant does not attack this contention in its Reply; rather, it merely reiterates that this is a suit brought under the CBA, and is thus subject to a six-month statute of limitations and is time-barred. Reply at 3.

Service was involved in his transfer, and consequently whether the CBA applies.

The Supreme Court has found "the preemptive force of § 301 [to be] so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (*cited in Int'l Union of Bricklayers & Allied Craftsworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33 (D.D.C. 2005)). However, in *Lingle*, the Supreme Court limited § 301 preemption when "resolution of the state law claim does not require construing the collective-bargaining agreement." *Lingle*, 486 U.S. at 407. Therefore, the first inquiry must be into whether the resolution of the state law breach of contract claim will require this Court to construe the CBA. If it does, then § 301 preempts state law.

Here, Mr. Cephas is alleging a breach of the CBA. In order to determine whether the transfer amounted to discipline at the direction of the U.S. Marshals Service, this Court would be required to interpret the language of the CBA and apply the CBA to the present circumstances. Unlike in *Lingle*, where the plaintiffs claim under the Illinois Workers' Compensation Act could be determined without interpretation of the CBA at issue, *id.*, Mr. Cephas is relying on the terms of the CBA to provide him with a remedy for MVM's alleged actions. Mr. Cephas's state-law remedy is therefore not "'independent' of the collective-bargaining agreement" because resolution in fact does "require construing the collective-bargaining agreement." *Id.* With this independence from the CBA lacking, the powerful preemptive force of NLMA § 301 must apply. Mr. Cephas's state law claim is thus preempted by NLMA § 301, and consequently governed by federal, not state law.

Having found that the breach of contract claim is preempted by NLRA § 301, the Court considers next the issue of whether the statute of limitations bars Count I. This Court finds

persuasive the reasoning of the Fourth and Sixth Circuits in their application of the NLRA §

10(b) six month statute of limitations to cases where only NLMA § 301 is implicated.  The

policy considerations in *DelCostello* also encourage the adoption of this statute of limitations for

this pure NLMA § 301 claim.  Particularly persuasive are the policies encouraging the "relatively

rapid final resolution of labor disputes favored by federal law," and the concession that "it may

be the case that alleged violations by an employer of a collective bargaining agreement will also

amount to unfair labor practices."  *DelCostello*, 462 U.S. at 168 & 170.[7]  Furthermore, the

adoption of this statute of limitations by this Circuit for use when an employer refuses to

arbitrate, analogizing such instances to unfair labor practices, also counsels for adoption of the

six month limitation period here.  *See Commc'n Workers of Amer.*, 10 F.3d at 890 (stating that

the plaintiffs failed to convince the Court there is a more appropriately analogous state law

period that should apply rather than the six month period set forth in NLRA § 10(b) and adopted

by seven other circuits).  The six month limitations period is appropriate in this case, both

because of the federal preference for speedy resolution of labor disputes and because the charges

against MVM are sufficiently analogous to those levied against AT&T in *Communications*

*Workers of America*.  Therefore, Count I of Plaintiff's Complaint, alleging breach of the CBA by

MVM, is dismissed because it is time-barred.

    The Court recognizes that the parties did not fully develop the argument regarding

preemption in their pleadings.  Since this Court relies on preemption in resolving the claim in

Count I, in the interest of fairness it will permit the parties to submit arguments on the issue of §

---

[7]  The Court in *DelCostello* adopted the § 10(b) statute of limitations for unfair labor practice claims before
the National Labor Relations Board for use in hybrid § 301 cases largely because of the "family resemblance"
between breach of duty of fair representation and unfair labor practices.  *DelCostello*, 462 U.S. at 170.  The
"allegations of unfair, arbitrary, or discriminatory treatment of workers by unions" that form the basis of breach of
duty of fair representation claims also underlay the claims of unfair labor practices.  *Id.*

301 preemption of the state breach of contract claim by October 17, 2005.  If parties choose not to submit arguments by October 17, 2005, this decision will stand.

### IV: CONCLUSION

This Court holds that Plaintiffs state-law claim for breach of contract is preempted by NLMA § 301.  Further, this Court holds that the six month statute of limitations in NLRA § 10(b) adopted by other circuits in NLMA § 301 disputes and by this Circuit in *Communication Workers of America* to handle a refusal to arbitrate claim should be applied.  The actions that gave rise to Count I of Plaintiff's Complaint occurred prior to June 1, 2004, therefore the Count is time-barred.  MVM's Motion to Dismiss is granted.

In addition, given that Mr. Chaney has not been served as of September 30, 2005, well outside the 120 day limit, this Court will permit Mr. Cephas to effect service on Mr. Chaney by October 31, 2005.  If service is not effected by October, 31, 2005, Count II of the Complaint will be dismissed.

Date:   September 30, 2005

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge