UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES W. CEPHAS

    Plaintiff,

     v.

MVM, INC., *et al.*,

    Defendants.

Civil Action No. 05–33 (CKK)

**MEMORANDUM OPINION**
(July 25, 2006)

    Presently before the Court is [18] Federal Defendant's Motion to Dismiss, filed by Robert Chaney, the sole remaining Defendant in the instant case. Plaintiff Cephas filed a [21] Response accompanied by [23] Exhibits in response thereto. Defendant Chaney filed a [22] Reply. After considering the aforementioned filings, the Complaint, the history of the case, and the relevant statutes and case law, the Court shall GRANT [18] Federal Defendant's Motion to Dismiss.

**I: BACKGROUND**

    Plaintiff's Complaint, filed in the Superior Court of the District of Columbia on December 1, 2004, against MVM, Inc. ("MVM") and Mr. Chaney, was removed to the instant Court on January 10, 2005. Plaintiff's claim against MVM was permanently dismissed by the Court on September 30, 2005, such that Plaintiff's claim against Mr. Chaney is the only claim remaining in the instant case. *See dkt. entries* [14] (Order dismissing Count I), [15] (Memorandum Opinion), and [Minute Order, Feb. 1, 2006].

    In Count II of his Complaint, Plaintiff loosely makes a defamation claim against Mr. Chaney. Plaintiff worked as a full-time court security officer ("CSO") at the United States

Attorney's Office, 555 4th Street, NW, Washington, DC, starting in December of 1999.  Compl. ¶ 6.  On March 11, 2003, Plaintiff was transferred by MVM, his employer, to the National Court Building, 717 Madison Street, NW, Washington, D.C.  *Id.*  Plaintiff alleges that he was transferred, and consequently suffered adverse employment consequences (such as being demoted to a part-time employee), as a result of a letter sent by Mr. Chaney, Anti-Terrorism Officer and District Office Security Manager at the U.S. Attorney's Office, to Plaintiff's supervisor.  *Id.* ¶¶ 7, 18, 22.  The letter written by Mr. Chaney on March 4, 2003, and sent to Plaintiff's supervisor included the following statements: "Non-action by CSO Cephas resulted in no security response to one of the most important secure areas of this facility"; "CSO Cephas was on his lunch break at the time of the alarm"; "It is standard practice for CSO Cephas to not respond to calls when he is on his lunch break.  In fact, he has made this point very clear to his co-workers"; and "CSO Cephas was taking his lunch break in the room that contains the alarm monitoring system."  *Id.* ¶ 18.  Plaintiff claims that these statements were "false, defamatory, libelous, slanderous and insulting and were made with intent to injure plaintiff's good reputation," and that as a direct and proximate result, Plaintiff suffered "stress, anxiety, embarrassment, anger, humiliation, mortification, shame, vilification, exposure, scandal, injury to his reputation and financial loss."  *Id.* ¶¶ 20, 21.

In his Memorandum in support of [18] Federal Defendant's Motion to Dismiss, Mr. Chaney argues that the instant case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), (5), and (6).  Def.'s Mem. at 1.  Mr. Chaney points out that while not clearly specified in Plaintiff's Complaint, it appears that Mr. Chaney is being sued in his official capacity because 1) Mr. Chaney is identified in his capacity as an employee of the Department of

Justice in the Complaint; 2) Mr. Chaney's work address appears in the case caption; and 3)

Plaintiff sent copies of the Complaint to Mr. Chaney at his work address. *Id.* at 1–2; Compl. at 1,

¶ 4.  Mr. Chaney argues that if sued in his official capacity, suit against him (substituted as a

Defendant by the United States because his office has certified that his conduct was within the

scope of his employment) is barred by sovereign immunity, barred by Plaintiff's failure to

exhaust his administrative remedies, barred by the D.C. Circuit's affirmation of a prohibition of

suits for libel or slander pursuant to the Federal Tort Claims Act, and barred by Plaintiff's failure

to state a claim of defamation pursuant to District of Columbia law.  Def.'s Mem. at 2–8.

Defendant argues that even if the Court were to construe Plaintiff's suit as against Mr. Chaney in

his personal capacity, the District of Columbia one-year statute of limitations period for

defamation claims would bar the instant suit, as would insufficient service of process against

Plaintiff pursuant to Rule 4(e).  *Id.* at 8–9.

## II: LEGAL STANDARD

### A.    *Rule 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) should

not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle

them to relief."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing

*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  A court may appropriately dispose of a case

under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts

evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193,

198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152

n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion

to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v.*

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the

complaint and is central to plaintiff's claim, such a document attached to the motion papers may

be considered without converting the motion to one for summary judgment") (citing *Greenberg*

*v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation

when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff

should receive the benefit of all favorable inferences that can be drawn from the alleged facts.

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In spite of the

favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's

burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm*

*Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

   B.  *Rule 12(b)(5)*

   "If the plaintiff does not properly effect service on a defendant, then the defendant may

move to dismiss the complaint under Rule 12(b)(4) and/or (5).  Fed. R. Civ. P. 12(b)(4), (5).

Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected

service." *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf,* 816 F.2d 746,

751 (D.C. Cir.1987)); *see also Zhu v. Gonzales,* 2006 WL 1274767, *3 (D.D.C. 2006).

   C.  *Rule 12(b)(6)*

   In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike

resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most

favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans

Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608

(D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must

be granted the benefit of all inferences that can be derived from the facts alleged."). While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn

by the plaintiff if such inferences are not supported by the facts set out in the complaint." *Kowal*,

16 F.3d at 1276. Moreover, the court is not bound to accept the legal conclusions of the non-

moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to

considering facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which the court may take judicial notice, and matters of public record. *See

St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988

F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs or memoranda of law may not

be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain

contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C.

Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based

on the complaint, the facts alleged in the complaint control).

### III:  DISCUSSION

Plaintiff either concedes or does not refute the bulk of the arguments contained in Federal

Defendant's Motion to Dismiss. Plaintiff in fact never clarifies whether or not Mr. Chaney is

being sued in his official or personal capacity. However, Plaintiff never refutes the legally

sound[1] substitution of the United States in place of Mr. Chaney if he is being sued in his official capacity as the Federal Defendant in the case.  *See generally* Pl.'s Response.  Plaintiff explicitly admits that pursuant to 28 U.S.C. § 2680(h), sovereign immunity bars claims against the United States for defamation.  Pl.'s Response ¶ 3 ("based on the authority cited by the defendant in its Memorandum, the plaintiff concedes that sovereign immunity bars claims against the United States sounding in defamation and/or slander.  28 USC 2680(h).").  The Court agrees with the Parties' apparent mutual assessment that Plaintiff's defamation action against Mr. Chaney, if in his official capacity, is barred by sovereign immunity.  *See* 28 U.S.C. § 2679, 2680(h); *Gardner v. United States*, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000) (upholding the district court's dismissal of a taxpayer's defamation claims against the United States as barred, "because suits for libel or slander are prohibited under the Federal Tort Claims Act.").  The Court thus need not address Defendant's argument that Plaintiff failed to exhaust his administrative remedies, an argument that Plaintiff never addresses, in its determination that Plaintiff's claim fails pursuant to Rule 12(b)(1) if Plaintiff intended to sue Mr. Chaney in his official capacity.

While the Court construes Plaintiff's Complaint to be against Mr. Chaney in his official capacity, even assuming *arguendo* that Plaintiff intended to sue Mr. Chaney in his personal capacity, Plaintiff's claim still fails under both Rule 12(b)(5) and (6).  Plaintiff does not dispute that Defendant was not properly served if sued in his individual capacity pursuant to Rule 4(e), merely responding with the largely unintelligible non-argument "[t]hat if the defendant is correct that service of process is improper, then plaintiff avers that the Court does not have jurisdiction

---

[1] *See* 28 U.S.C. § 2679(d)(1); *see also Kimbro v. Velten*, 30 F.3d 1501, 1509 n.4 (D.C. Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995).

to entertain the dismissal of the Complaint against Mr. Chaney in his individual capacity."  Pl.'s

Response ¶ 5.  Furthermore, Plaintiff never responds to Defendant's argument that any suit

against Plaintiff in his individual capacity is barred by the one-year statute of limitations period

for defamation claims under District of Columbia law, *see* D.C. Code Ann. § 12-301(4),[2] because

Mr. Chaney's letter was written on March 4, 2003, but Plaintiff did not file suit until December

1, 2004.  Def.'s Mem. at 8.

Plaintiff's only actual "argument" in his Response is so minimal that the Court shall

repeat it in full.  Plaintiff states:

> That the business relationship between MVM, Inc., and the Department of Justice
> are [sic] governed by a contract.  Pursuant to Section H of the contract, an employee is
> entitled to provide a written response to the proposed removal.  (See <u>Exhibit B</u>), [sic] On
> information and belief, Chaney failed to afford that opportunity to the plaintiff for his
> response (i.e. while plaintiff did initially commence a grievance procedure, the contract
> apparently contemplates that the decision maker (in this case Mr. Chaney) should be
> allowed to consider Mr. Cephas' argument in support of his decision.  This apparently
> was not done.  Furthermore, plaintiff respectfully avers that this affords a separate basis
> for plaintiff's claims.

Pl.'s Response at 2.  This "argument" in no way relates to or has any bearing on Plaintiff's

allegations that Mr. Chaney acted in a "defamatory, libelous, [or] slanderous" manner with

respect to Plaintiff.  And it is apparent on the face of Plaintiff's argument that the factual

predicate behind it is contradicted by the Complaint itself, as Plaintiff claims that Mr. Chaney

made statements to Plaintiff's "supervisor," which suggests that Plaintiff's supervisor and not

Mr. Chaney was the ultimate decision maker with respect to Plaintiff's transfer.  Regardless,

---

[2] "Except as otherwise specifically provided by law, actions for the following purposes
may not be brought after the expiration of the period specified below from the time the right to
maintain the action accrues: . . . (4) for libel, slander, assault, battery, mayhem, wounding,
malicious prosecution, false arrest or false imprisonment–1 year."  D.C. Code § 12-301.

Plaintiff's "argument" is completely irrelevant to the Complaint before the Court and the Court's consideration thereof.

### IV:  CONCLUSION

For the aforementioned reasons, the Court shall GRANT [18] Federal Defendant's Motion to Dismiss and DISMISS the instant case in its entirety.  An Order accompanies this Memorandum Opinion.


Date:   July 25, 2006


                                          _/s/_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge